1  **LEILA W. MORGAN**
California State Bar No. 232874
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
4  E-Mail: Leila_Morgan@fd.org

5
Attorneys for Ms. Vasquez
6

7

8

9                      UNITED STATES DISTRICT COURT

10                    SOUTHERN DISTRICT OF CALIFORNIA

11                    **(HONORABLE ROGER T. BENITEZ)**

UNITED STATES OF AMERICA,        )    Case No. 07CR3106-BEN
12                                       )
              Plaintiff,           )    STATEMENT OF FACTS AND
13                                       )    MEMORANDUM OF POINTS AND
v.                               )    AUTHORITIES IN SUPPORT OF
14                                       )    DEFENDANT'S MOTIONS
**MARIA VASQUEZ**,               )
15                                       )
              Defendant.           )
16  _____   )

17                               **I.**

18                    **STATEMENT OF FACTS**[1]

19      On October 29, 2007, Border Patrol Agent Luis Rivera and FBI Special Agent Murry

20  Streetman were conducting surveillance in the vicinity of the 4200 block of Logan Avenue in San

21  Diego, California.  They observed two unknown Hispanic males leave the area in a grey Ford

22  Expedition and drive to an Auto Zone parking lot on 43rd Street, San Diego, California.  A few

23  minutes later a gold Chevrolet Avalanche arrived, eventually two women who agents later identified

24  as Blanca Hernandez-Cansino and Rocio Hernandez-Casino exited the Avalanche and entered the

25  Expedition.  The agents followed the Expedition to then end of the cul-de-sac located at the 4200

26  _____

27      [1] Unless otherwise stated, the "facts" referenced in these papers come from government-
produced discovery that the defense continues to investigate.  Ms. Vasquez does not admit the
28  accuracy of this information and reserves the right to challenge it at any time.

1   block of Logan Avenue.  At this location Blanca and Rocio Hernandez entered a blue Astro Minivan

2   bearing California license plate 3UGU958.

3        The agents followed the blue Astro van as it traveled northbound on Interstate 5, eventually

4   requesting a traffic stop of the vehicle because the female passengers were believed to be illegal

5   aliens.  Border patrol agents then stopped the vehicle and questioned the occupants regarding their

6   immigration status.  Ms. Vasquez was driving the vehicle, and identified herself as a United States

7   Citizen.  Both Blanca and Rocio Hernandez stated that they were Mexican citizens without any

8   immigration documents allowing them to enter or remain in the United States.  All three women

9   were arrested and taken to the border patrol station for processing.

10       At the border patrol station, Ms. Vasquez was read her Miranda rights and questioned

11  regarding the incident.  Ms. Vasquez made statements regarding her involvement in the offense. On

12  November 14, 2007, Ms. Vasquez was indicted for two counts of transportation of illegal aliens in

13  violation of 8 U.S.C. § 1324(a)(I)(A)(2) and (v)(5).

14       These motions follow.

15                                                   **II.**

16                           **MOTION TO COMPEL DISCOVERY**

17       Ms. Vasquez requests the following discovery.  Her request is not limited to those items of

18  which the prosecutor is aware.  It includes all discovery listed below that is in the custody, control,

19  care, or knowledge of any "closely related investigative [or other] agencies."  See United States v.

20  Bryan, 868 F.2d 1032 (9th Cir. 1989).

21       1.    The Defendant's Statements.  The government must disclose to Ms. Vasquez *all* copies

22  of any written or recorded statements made by Ms. Vasquez; the substance of any statements made

23  by Ms. Vasquez that the government intends to offer in evidence at trial; any response by Ms.

24  Vasqeuz to interrogation; the substance of any oral statements that the government intends to

25  introduce at trial and any written summaries of Ms. Vasquez's oral statements contained in the

26  handwritten notes of the government agent; any response to any Miranda warnings that may have

27  been given to Ms. Vasquez; and any other statements by Ms. Vasquez. Fed. R. Crim. P. 16(a)(1)(A)

28  and (B).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the

                                        2                           07CR3106-BEN

1   government must reveal *all* Ms. Vasquez's statements, whether oral or written, regardless of whether

2   the government intends to make any use of those statements.

3          2.      Arrest Reports, Notes and Dispatch Tapes. Ms. Vasquez also specifically requests that

4   all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding

5   his arrest or any questioning, if such reports have not already been produced *in their entirety*, be

6   turned over to him.  This request includes, but is not limited to, any rough notes, records, reports,

7   transcripts or other documents in which statements of Ms. Vasquez or any other discoverable

8   material is contained.  **Ms. Vasquez includes in this request any redacted portions of the Report**

9   **of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has**

10  **written.**  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland,

11  373 U.S. 83 (1963).  See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968).  Arrest reports,

12  investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and

13  prosecution reports pertaining to Ms. Vasquez are available under Fed. R. Crim. P. 16(a)(1)(A) and

14  (B), Fed. R. Crim. P. 26.2 and 12(I).  Preservation of rough notes is requested, whether or not the

15  government deems them discoverable.

16         3.      Brady Material. Ms. Vasquez requests all documents, statements, agents' reports, and

17  tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the

18  government's case.  Impeachment and exculpatory evidence both fall within Brady's definition of

19  evidence favorable to the accused.  United States v. Bagley, 473 U.S. 667 (1985); United States v.

20  Agurs, 427 U.S. 97 (1976).

21         4.      Any Information That May Result in a Lower Sentence.  As discussed above, any

22  information that may result in a more favorable sentence must also be disclosed pursuant to Brady,

23  373 U.S. 83.   The government must disclose any cooperation or attempted cooperation by

24  Mr. Acevedo-Sanchez, as well as any information that could affect any base offense level or specific

25  offense characteristic under Chapter Two of the United States Sentencing Commission Guidelines

26  Manual ("Guidelines").  Also included in this request is any information relevant to a Chapter Three

27  adjustment, a determination of Ms. Vasquez's criminal history, or any other application of the

28  Guidelines.

1    5.    The Defendant's Prior Record.    Evidence of a prior record is available under

2  Fed. R. Crim. P. 16(a)(1)(D).  Ms. Vasquez specifically requests a complete copy of any criminal

3  record.

4    6.    Any Proposed 404(b) Evidence.  Evidence of prior similar acts is discoverable under

5  Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R.

6  Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in

7  advance of trial . . . of the general nature . . .." of any evidence the government proposes to introduce

8  under Fed. R. Evid. 404(b) at trial.  Sufficient notice requires the government to "articulate *precisely*

9  the evidential hypothesis by which a fact of consequence may be inferred from the other acts

10  evidence."  United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added;

11  internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993)

12  (reaffirming Mehrmanesh and reversing convictions).

13    This includes any "TECS" records (records of prior border crossings) that the government

14  intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal.  Although there

15  is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b),

16  as they are "other  acts" evidence that the government must produce before trial.  United States v.

17  Vega, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).

18    Ms. Vasquez requests that such notice be given *three weeks before trial* to give the defense

19  time to adequately investigate and prepare for trial.

20    7.    Evidence Seized.  Evidence seized as a result of any search, either warrantless or with

21  a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

22    8.    Request for Preservation of Evidence.    The defense specifically requests that all

23  **dispatch tapes** or any other physical evidence that may be destroyed, lost, or otherwise put out of

24  the possession, custody, or care of the government and that relate to the arrest or the events leading

25  to the arrest in this case be preserved.  This request includes, but is not limited to **vehicle involved**

26  **in the case**, Ms. Vasquez's personal effects, and any evidence seized from Ms. Vasquez or any third

27  party.  This request also includes any material or percipient witnesses who might be deported or

28  otherwise likely to become unavailable (e.g. undocumented aliens and transients).

1    It is requested that the prosecutor be ordered to *question* all the agencies and individuals

2 involved in the prosecution and investigation of this case to determine if such evidence exists, and

3 if it does exist, to inform those parties to preserve any such evidence.

4    9.    <u>Henthorn Material</u>.  Ms. Vasquez requests that the Assistant United States Attorney

5 ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of

6 each agent involved in the present case for impeachment material.  <u>See</u> <u>Kyles v. Whitley</u>, 514 U.S.

7 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable

8 evidence known to the others acting on the government's behalf in the case, including the police");

9 <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to,

10 any complaints filed (by a member of the public, by another agent, or any other person) against the

11 agent, whether or not the investigating authority has taken any action, as well as any matter for which

12 a disciplinary review was undertaken, whether or not any disciplinary action was ultimately

13 recommended.  Ms. Vasquez further requests production of any such information at least *one week*

14 prior to the motion hearing and two weeks prior to trial.  If the prosecutor is uncertain whether

15 certain information should be disclosed pursuant to this request, this information should be produced

16 to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

17    10.    <u>Tangible Objects</u>.  Ms. Vasquez requests the opportunity to inspect, copy, and test, as

18 necessary, all other documents and tangible objects, including photographs, books, papers,

19 documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are

20 material to the defense or intended for use in the government's case-in-chief or were obtained from

21 or belong to Ms. Vasquez.  Fed. R. Crim. P. 16(a)(1)(E).  Specifically, Ms. Vasquez requests **color**

22 **copies** of all photographs in the government's possession of the alleged narcotics and the vehicle in

23 which the narcotics were found.

24    11.    <u>Expert Witnesses</u>.  Ms. Vasquez requests the name, qualifications, and a written

25 summary of the testimony of any person that the government intends to call as an expert witness

26 during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).  This summary should include a description

27 of the witness' opinion(s), as well as the bases and the reasons for the opinion(s).  <u>See</u> <u>United States</u>

28 <u>v. Duvall</u>, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not

1  adequately summarize or describe police detective's testimony in drug prosecution where notice

2  provided only a list of the general subject matters to be covered and failed to identify what opinion

3  the expert would offer on those subjects).  This request includes, but is not limited to, disclosure of

4  the qualifications of any government witness who will testify that he understands and/or speaks

5  Spanish or any other foreign language that may have been used during the course of an interview

6  with Ms. Vasquez or any other witness.

7      Ms. Vasquez requests the notice of expert testimony be provided at a minimum of *three*

8  *weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony,

9  including obtaining its own expert and/or investigating the opinions, credentials of the government's

10  expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any

11  expert. See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge

12  is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such

13  determinations may require "special briefing or other proceedings").

14      12.  Impeachment evidence.  Ms. Vasquez requests any evidence that any prospective

15  government witness has engaged in any criminal act whether or not resulting in a conviction and

16  whether any witness has made a statement favorable to Ms. Vasquez.  See Fed. R. Evid. 608, 609

17  and 613.  Such evidence is discoverable under Brady, 373 U.S. 83.  See United States v. Strifler,

18  851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49

19  (9th Cir. 1965) (evidence that detracts from a witness' credibility).

20      13.  Evidence of Criminal Investigation of Any Government Witness.  Ms. Vasquez

21  requests any evidence that any prospective witness is under investigation by federal, state or local

22  authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

23      14.  Evidence of Bias or Motive to Lie.  Ms. Vasquez requests any evidence that any

24  prospective government witness is biased or prejudiced against Ms. Vasquez, or has a motive to

25  falsify or distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler,

26  851 F.2d 1197.

27      15.  Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity.

28  Ms. Vasquez requests any evidence, including any medical or psychiatric report or evaluation,

1   tending to show that any prospective witness's ability to perceive, remember, communicate, or tell

2   the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled

3   substance, or has ever been an alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d

4   213, 224 (4th Cir. 1980).

5          16.   Witness Addresses. Ms. Vasquez requests the name and last known address of each

6   prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987);

7   United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses

8   by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has

9   equal right to talk to witnesses). Ms. Vasquez also requests the name and last known address of

10  every witness to the crime or crimes charged (or any of the overt acts committed in furtherance

11  thereof) who will *not* be called as a government witness. United States v. Cadet, 727 F.2d 1453

12  (9th Cir. 1984).

13         17.   Name of Witnesses Favorable to the Defendant. Ms. Vasquez requests the name of any

14  witness who made any arguably favorable statement concerning Ms. Vasquez or who could not

15  identify him or who was unsure of his identity or participation in the crime charged. Jackson v.

16  Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d

17  1164,1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied,

18  444 U.S. 1086 (1980).

19         18.   Statements Relevant to the Defense. Ms. Vasquez requests disclosure of any statement

20  that may be "relevant to any possible defense or contention" that he might assert. United States v.

21  Bailleaux, 685 F.2d 1105 (9th Cir. 1982). **This includes grand jury transcripts that are relevant**

22  **to the defense motion to dismiss the indictment.**

23         19.   Jencks Act Material. Ms. Vasquez requests production in advance of the motion

24  hearing or trial of all material, including dispatch tapes, that the government must produce pursuant

25  to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment that

26  "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or

27  notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487,

28  490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that

1 interview notes constitutes Jencks material when an agent reviews notes with the subject of the

2 interview); see also United States v. Riley, 189 F.3d 802, 806-808 (9th Cir. 1999).  Advance

3 production will avoid the possibility of delay of the motion hearing or trial to allow Ms. Vasquez to

4 investigate the Jencks material.  Ms. Vasquez requests pre-trial disclosure of such statements to

5 avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly

6 any Jencks statements during cross-examination.

7      20.   Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Ms.

8 Vasquez requests all statements and/or promises, expressed or implied, made to any government

9 witnesses, in exchange for their testimony in this case, and all other information that could arguably

10 be used for the impeachment of any government witnesses.

11      21.   Agreements Between the Government and Witnesses. Ms. Vasquez requests discovery

12 regarding any express or implicit promise, understanding, offer of immunity, of past, present, or

13 future compensation, or any other kind of agreement or understanding, including any implicit

14 understanding relating to criminal or civil income tax, forfeiture or fine liability, between any

15 prospective government witness and the government (federal, state and/or local).  This request also

16 includes any discussion with a potential witness about or advice concerning any immigration

17 benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made

18 or the advice not followed.

19      22.   Informants and Cooperating Witnesses. Ms. Vasquez requests disclosure of the names

20 and addresses of all informants or cooperating witnesses used or to be used in this case, and in

21 particular, disclosure of any informant who was a percipient witness in this case or otherwise

22 participated in the crime charged against Ms. Vasquez.  The government must disclose the

23 informant's identity and location, as well as disclose the existence of any other percipient witness

24 unknown or unknowable to the defense.  Roviaro v. United States, 353 U.S. 52, 61-62 (1957).  The

25 government must disclose any information derived from informants that exculpates or tends to

26 exculpate Ms. Vasquez.

27      23.   Bias by Informants or Cooperating Witnesses. Ms. Vasquez requests disclosure of any

28 information indicating bias on the part of any informant or cooperating witness.  Giglio, 405 U.S.

1  24. Such information would include what, if any, inducements, favors, payments or threats were

2  made to the witness to secure cooperation with the authorities.

3       24. <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Ms. Vasquez

4  requests all citizen complaints and other related internal affairs documents involving any of the

5  immigration officers or other law enforcement officers who were involved in the investigation, arrest

6  and interrogation of Ms. Vasquez.  <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).

7  Because of the sensitive nature of these documents, defense counsel will be unable to procure them

8  from any other source.

9       25. <u>Training of Relevant Law Enforcement Officers</u>.  Ms. Vasquez requests copies of all

10  written videotaped or otherwise recorded policies or training instructions or manuals issued by all

11  law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS,

12  Department of Homeland Security, etc.) to their employees regarding:  (a) the handling of vehicles

13  suspected to be transporting contraband across the port of entry; (b) the referral to secondary

14  inspection of persons within those vehicles; (c) the detention of individuals within those vehicles;

15  (d) the search of those vehicles and the occupants of those vehicles, including the proper means of

16  obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of

17  their Constitutional rights; (f) the questioning of suspects and witnesses.  Ms. Vasquez also requests

18  all written or otherwise attainable information regarding the training of Customs agents at ports of

19  entry in California to detect or discover contraband in vehicles entering the United States, including

20  any training offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA

21  or other law enforcement agencies or individuals.

22       26. <u>Performance Goals and Policy Awards</u>.  Ms. Vasquez requests disclosure of

23  information regarding standards used for measuring, compensating or reprimanding the conduct of

24  all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent

25  such information relates to the detection of contraband.  This request specifically includes

26  information concerning performance goals, policy awards, and the standards used by Customs for

27  commending, demoting, or promoting agents for their performance at the port of entry and their

28  success or failure to detect illegal narcotics in general.

1        27.    TECS Reports.  Ms. Vasquez requests all TECS reports, including reports pertaining

2    to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining

3    to Ms. Vasquez.  **Any prior border crossings are considered "other acts" evidence which the**

4    **government must produce before trial**.  Vega, 188 F.3d at 1154.

5        28.    Reports of Scientific Tests or Examinations.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F),

6    Ms. Vasquez  requests the reports of all tests and examinations conducted upon the evidence in this

7    case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case,

8    that is within the possession, custody, or control of the government, the existence of which is known,

9    or by the exercise of due diligence may become known, to the attorney for the government, and that

10   are material to the preparation of the defense or are intended for use by the government as evidence

11   in chief at the trial.

12       29.    Brady Information.  The defendant requests all documents, statements, agents' reports,

13   and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the

14   credibility of the government's case.  Under Brady v. Maryland, 373 U.S. 83 (1963), impeachment

15   as well as exculpatory evidence falls within the definition of evidence favorable to the accused.

16   United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

17       30.    Any Proposed 404(b) Evidence.  The government must produce evidence of prior

18   similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions

19   which would be used to impeach as noted in Fed. R. Crim. P. 609.  In addition, under Fed. R. Evid.

20   404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance

21   of trial . . . of the general nature" of any evidence the government proposes to introduce under

22   Fed. R. Evid. 404(b) at trial.  The defendant requests notice two weeks before trial to give the

23   defense time to investigate and prepare for trial.

24       31.    Specific Request.  Ms. Vasquez specifically requests the opportunity to view the "A-

25   File" of the material witness in this case.

26       32.    Residual Request.  The defendant intends by this discovery motion to invoke her rights

27   to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the

28   Constitution and laws of the United States.

1

**VII.**

2

**THIS COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS**

3          Ms. Vasquez and defense counsel have received 58 pages of discovery in this case and a

4   DVD containing taped statements.   Defense counsel has reason to believe this discovery is

5   incomplete. Defense counsel requests leave to file further motions as new information comes to

6   light.

7

**VIII.**

8

**CONCLUSION**

9          For the reasons stated, Ms. Vasquez requests that this Court grant her motions.

10                                             Respectfully submitted,

11

12   DATED:       December 5, 2007                    /s/ *Leila W. Morgan*
                                                     **LEILA W. MORGAN**
13                                                   Federal Defenders of San Diego, Inc.
                                                     Attorneys for Ms. Vasquez
14                                                   Leila_Morgan@fd.org

15

16

17

18

19

20

21

22

23

24

25

26

27

28